# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MISSOURI

**Kevin Scott,**
Plaintiff,

v.
**The Boeing Company, et al.,**
Defendants.

Case No. 4:25-cv-01154-JSD

---

## NOTICE OF FILING SUPPLEMENTAL COMPLAINT

Plaintiff Kevin Scott, proceeding pro se, respectfully notifies the Court and all parties that he has filed a **Supplemental Complaint Statement** concerning overtime manipulation, retaliatory denial of promotions, hostile work environment, and successor liability against The Boeing Company.

This Supplemental Complaint adds factual allegations and supporting exhibits that occurred **after the March 2022 settlement with GKN Aerospace and following Boeing's acquisition of the facility**, and is intended to be read in conjunction with Plaintiff's original Complaint.

A true and correct copy of the Supplemental Complaint, together with Exhibits A–H, is attached hereto and filed with the Court.

Respectfully submitted,

---

**Kevin Scott**
Pro Se Plaintiff
Email: kevinscott1977@yahoo.com

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MISSOURI

**Kevin Scott, Plaintiff,**
v.
**The Boeing Company, et al., Defendants.**
Case No. 4:25-cv-01154-JSD

---

## SUPPLEMENTAL COMPLAINT STATEMENT

1. In March 2022, Plaintiff entered into a settlement agreement with GKN Aerospace regarding EEOC Charge No. 560-2021-02539, which alleged discriminatory and retaliatory promotion practices.

2. Following that settlement, GKN Aerospace continued to retaliate against Plaintiff by:
   o Manipulating overtime records to inflate Plaintiff's hours and deny him eligibility for additional shifts.
   o Denying Sunday/double-time opportunities while assigning them to less-senior employees.
   o Awarding promotions/qualifications (OV Stamp) to less-senior employees such as Trip Miller, despite Plaintiff's greater seniority and documented grievances.

3. Plaintiff filed multiple grievances and NLRB charges against GKN Aerospace and IAMAW District 837 concerning retaliation and breach of the duty of fair representation. Exhibits A–H contain overtime summaries, grievance forms, HR correspondence, and union responses demonstrating these practices.

4. On information and belief, The Boeing Company acquired the Advanced Composite Center of GKN Aerospace through an asset purchase, retaining substantially the same operations, supervisors, managers, and HR/labor relations staff responsible for the discriminatory and retaliatory practices.

5. The same management—including Supervisor Karl Gholston, labor relations representatives, and union officials—continued in their roles after Boeing's acquisition.

6. As a result, Boeing is liable under the doctrines of successor liability and continuity of operations for the unlawful conduct and ongoing retaliation committed against Plaintiff.

7. Post-acquisition, Boeing maintained the same policies, practices, and individuals responsible for overtime manipulation, hostile treatment, and retaliatory promotion decisions.

8. Among the retaliatory acts:
   o Supervisor Karl Gholston manipulated Plaintiff's overtime records by crediting Sunday double-time hours to other employees while excluding Plaintiff.
   o On or about November 2022, Plaintiff was denied Sunday overtime while less-senior employees were permitted to work, contrary to the CBA's equal-distribution requirement.

   o  After Plaintiff requested his shop steward's presence during a dispute, Supervisor
      Gholston removed him from his assigned AGFMI machine and replaced him with
      another employee, disrupting his work and creating a hostile environment.

9.  These actions occurred shortly after Plaintiff engaged in protected activities, including
    filing grievances, NLRB charges, and EEOC complaints, demonstrating a retaliatory
    motive.

10. Plaintiff also alleges racially disproportionate outcomes in promotions, as documented in
    prior grievances and EEOC filings, which show African-American employees were
    significantly underrepresented in lead positions compared to white employees.

11. Boeing has therefore continued, endorsed, and ratified the following unlawful
    employment practices:

- Retaliatory denial and manipulation of overtime opportunities.
- Hostile reassignment and removal from machinery.
- Retaliatory denial of OV Stamp promotion.
- Racially disproportionate promotion outcomes.

12. Plaintiff asserts claims against Boeing for:

- **Title VII race discrimination and retaliation** (42 U.S.C. §§2000e-2, 2000e-3).
- **42 U.S.C. §1981 race-based contract interference and retaliation.**
- **Hybrid LMRA §301 / Duty of Fair Representation liability,** insofar as Boeing acted in
  concert with IAMAW District 837 to deprive Plaintiff of equal contract rights.

---

## PRAYER FOR RELIEF

Plaintiff incorporates by reference the relief sought in his original Complaint and further requests
that this Court:

- Hold Boeing liable as successor to GKN Aerospace for all discriminatory and retaliatory
  conduct described herein;
- Award damages, injunctive relief, and attorney's fees as permitted by law;
- Grant such other relief as the Court deems just and proper.

Respectfully submitted,

**Kevin Scott**
Pro Se Plaintiff

---

## Exhibit Index

- **Exhibit A:** Overtime summaries showing manipulation and missing Sunday hours.
- **Exhibit B:** HR email correspondence regarding overtime disputes.
- **Exhibit C:** Grievance forms on overtime and retaliation.
- **Exhibit D:** Steward complaint logs.
- **Exhibit E:** Union letter declining arbitration.
- **Exhibit F:** NLRB filing receipts.
- **Exhibit G:** Overtime rules.
- **Exhibit H:** NLRB exhibits related to retaliation.

**Supervisor: Karl Gholston**

**Weekending Date: 11/13/2022**

**Department: 1087BC**
**CNC Plycut - Shift 3**

**Shift 3**

**Classification: Bonding Mechanic**

| EMPLOYEE | HRS | MON | TUE | WED | THU | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|---|
| Pierce II, Stephen | 1444.7 | | | | | | A - 8 hrs | |
| Draine, Jonathan | 1447.3 | | | | | | | |
| Marty, Matthew | 1447.4 | | | | | | | |
| Scott, Kevin | 1454.0 | | | | | | | |
| Barnes, Dyesheka | 1459.6 | | | | | | A - 8 hrs | |
| **Begin Overtime Difference** | 14.9 | | | | | **End Overtime Difference** | | 24.3 |

Ex A ( 1 of 4 )

Date: 11/9/2022 12:32:34 AM

sor: Rebecca Milligan

**Weekending Date: 11/20/2022**

**Department: 1087BA**
**CNC Plycut - Shift 1**          Shift 1          Classification: Bonding Mechanic

| EMPLOYEE | HRS | MON | TUE | WED | THU | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|---|
| Powell, Vicki | 1809.6 | R - 4 hrs | R - 4 hrs | R - 4 hrs | A - 2 hrs / R - 2 hrs | A - 2 hrs / R - 2 hrs | R - 8 hrs | |
| Booze, Roy | 1871.9 | | | | | | R - 8 hrs | |
| Miller, Trip | 1881.1 | | | | | | A - 4 hrs / R - 4 hrs | |
| Vardeman, Johnathan | 1890.6 | | | | | | A - 8 hrs | |
| Bogan, Luther | 1893.3 | | | | | | R - 8 hrs | |
| Draine, Edward | 2065.6 | R - 2 hrs | R - 2 hrs | A - 2 hrs | A - 2 hrs | A - 2 hrs | R - 8 hrs | |
| **Begin Overtime Difference** | **256.0** | | | | | **End Overtime Difference** | | **241.0** |

Ex A (2 of 4)

Date: 11/18/2022 11:26:53 AM

**Supervisor: Karl Gholston**                                                      **Weekending Date: 11/20/2022**

| Department: 1087BC CNC Plycut - Shift 3 | | Shift 3 | | | Classification: Bonding Mechanic | | | |
|---|---|---|---|---|---|---|---|---|
| **EMPLOYEE** | **HRS** | **MON** | **TUE** | **WED** | **THU** | **FRI** | **SAT** | **SUN** |
| Draine, Jonathan | 1447.3 | | | | | | R - 8 hrs | |
| Scott, Kevin | 1454.0 | | | | | | A - 8 hrs | |
| Pierce II, Stephen | 1472.7 | | | | | | | |
| Marty, Matthew | 1475.4 | | | | | | A - 8 hrs | |
| Barnes, Dyesheka | 1487.6 | | | | | | | |
| **Begin Overtime Difference** | **40.3** | | | | | **End Overtime Difference** | | **28.3** |

EX A 3 of 4)

Date: 11/17/2022 4:22:15 AM

Supervisor: Karl Christ...

| Department: 1087CC Autoclave & Ovens - Shift 3 | | | | Shift 3 | | | Classification: Bonding Mechanic | |
|---|---|---|---|---|---|---|---|---|
| EMPLOYEE | HRS | MON | TUE | WED | THU | FRI | SAT | SUN |
| Davis, Seth | 1846.0 | | | | | | R - 8 hrs | R - 8 hrs |
| Stevenson, David | 1882.0 | | | | | | A - 8 hrs | A - 8 hrs |
| Simon, Darrell | 1883.0 | | | | | | A - 8 hrs | A - 8 hrs |
| Begin Overtime Difference | 37.0 | | | | | End Overtime Difference | | 37.0 |

Ex A (4 of 4)

Date: 11/17/2022 4:22:15 AM

**Scott, Kevin**

| | |
|---|---|
| **From:** | Niedringhaus, Kelly |
| **Sent:** | Wednesday, February 2, 2022 7:37 AM |
| **To:** | Scott, Kevin |
| **Subject:** | RE: OT Hours |

Kevin,

I would like to straighten this out now before it gets too far away.

Please be specific on the dates so I can research.

thank you,
kelly

**From:** Scott, Kevin <Kevin.Scott@gknads.com>
**Sent:** Tuesday, February 1, 2022 11:46 PM
**To:** Niedringhaus, Kelly <Kelly.Niedringhaus@gknads.com>
**Subject:** RE: OT Hours

I agree now the one sat I was sent home early and Sunday was still charge and those sun in sept I was never ask?????

**From:** Niedringhaus, Kelly <Kelly.Niedringhaus@gknads.com>
**Sent:** Tuesday, February 1, 2022 4:05 PM
**To:** Scott, Kevin <Kevin.Scott@gknads.com>
**Cc:** Beck, Jason <Jason.Beck@gknads.com>; Blanke, Joe <Joe.Blanke@gknads.com>; Bach, Richard <Richard.Bach@gknads.com>
**Subject:** OT Hours

Hi Kevin,

I was finally able to sort through your notes, I appreciate your patience.

- Your first concern was that Stephen was not averaged in properly when he entered the department in September. The week of 9/26/21 he was averaged in at 403, this is an exact split between you and Dysheka.

  **Stephen Pierce II enters the department  Averaged in at 403**

  **Dyesheka at 390.4 + Kevin at 416.0 = 806/2= 403**

- Each Saturday you are asked to work OT you are charged 12 hours ( 8X1.5=12 )
- Each Sunday you are asked to work OT you are charged 16 hours (8X2=16)
- Weekend total of 28 hours is charged when asked for both days

Please review the Kevin Scott breakdown OT hours Breakdown for the lookback hours from September.  You will see this matches exactly what is in OP's NOW Kevin Scott OT Hours Ask Sheets.

Moving forward it is important that you ask your Shop Steward Jason to lead your inquiry, he can charge the time it takes to pull your data to Union business.

1



| Supervisors: Karl Gholston [1]<br>Timothy Potts [2] | | OVERTIME SUMMARY | | | | | Weekending Date: 09/26/2021 | |
|---|---|---|---|---|---|---|---|---|
| Department: 1087BC<br>CNC Plycut - Shift 3 | | | Shift 3 | | Classification: Bonding Mechanic | | | |
| EMPLOYEE | HRS | MON | TUE | WED | THU | FRI | SAT | SUN |
| Barnes, Dyesheka [1] | 390.4 | | | | | | A - 8 hrs | A - 8 hrs |
| Pierce II, Stephen [2] | 403.2 | | | | | | A - 8 hrs | A - 8 hrs |
| Scott, Kevin [1] | 416.0 | | | | | | A - 8 hrs | A - 8 hrs |
| Begin Overtime Difference | 25.6 | | | | | End Overtime Difference | | 25.6 |

Date: 2/1/2022 2:53:11 PM

Stephen Pierce II enters the department  Averaged in at 403

Dyesheka at 390.4 + Kevin at 416.0 = 806/2= 403

**Scott, Kevin**

| | |
|---|---|
| **From:** | Niedringhaus, Kelly |
| **Sent:** | Tuesday, February 1, 2022 4:05 PM |
| **To:** | Scott, Kevin |
| **Cc:** | Beck, Jason; Blanke, Joe; Bach, Richard |
| **Subject:** | OT Hours |
| **Attachments:** | Kevin Scott OT Hours Breakdown 2.1.2022.xlsx; Kevin Scott OT Hours Ask Sheets 2.1.2022.pptx |

Hi Kevin,

I was finally able to sort through your notes, I appreciate your patience.

- Your first concern was that Stephen was not averaged in properly when he entered the department in September. The week of 9/26/21 he was averaged in at 403, this is an exact split between you and Dysheka.

    Stephen Pierce II enters the department Averaged in at 403

    Dysheka at 390.4 + Kevin at 416.0 = 806/2= 403

- Each Saturday you are asked to work OT you are charged 12 hours ( 8X1.5=12 )
- Each Sunday you are asked to work OT you are charged 16 hours (8X2=16)
- Weekend total of 28 hours is charged when asked for both days

Please review the Kevin Scott breakdown OT hours Breakdown for the lookback hours from September.  You will see this matches exactly what is in OP's NOW Kevin Scott OT Hours Ask Sheets.

Moving forward it is important that you ask your Shop Steward Jason to lead your inquiry, he can charge the time it takes to pull your data to Union business.

Please let me know if I can answer any additional questions,

Thank you,
Kelly

**Kelly Niedringhaus | Labor Relations Manager | GKN Aerospace St. Louis**
142 J.S. McDonnell Blvd | Hazelwood | Missouri | 63042 | USA
Cell: 314 619 9683 | Office: 314 264 4147 | Fax: 314 264 3036
Kelly.Niedringhaus@gknads.com | www.gknaerospace.com

**Adaptibility | Relator | Strategic | Developer | Arranger**

1





## Elapsed Time Entry

1/25/2022

**Emp Num:** 600747    **Emp Name:** Kevin Scott    **Facility:** ST.LOUIS    **Work Center:** 1087BC    **Sub Sch Num:** 3X

**Period End Date:**    9/19/2021

| Event | Entity Num | Chrg Acct | Activity | Oper Num | Totals | Mon 9/13 | Tue 9/14 | Wed 9/15 | Thu 9/16 | Fri 9/17 | Sat 9/18 | Sun 9/19 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ACHGACCT | | 141240-CLSR | | | 19.5R | | | 6.3 R 0.2 R | 6.3 R 0.3 R | 6.2 R 0.3 R | | |
| ACHGACCT | | PLYCUT | | | 11.5R | 4.7 R 0.3 R | 0.4 R 5.6 R 0.5 R | | | | | |
| ACHGACCT | | TPM | | | 0.0R | | 0.0 R | | | | | |
| FAMILY | 99999 | 99999 | | | 2.0U | 2.0 U | | | | | | |
| LUNCH | 99999 | 99999 | | | 2.5U | 0.5 U | 0.5 U | 0.5 U | 0.5 U | 0.5 U | | |
| PREMIUM_3 | AAASLACK | AAASLACK | | | 7.0P | 1.0 P | 1.5 P | 1.5 P | 1.5 P | 1.5 P | | |
| SENTHOMEPD | 99999 | 99999 | | | 4.0O | | | | | | 4.0 O | |
| ZLINHALF | 99999 | 99999 | | | 0.0U | 1.5 U -1.5 U | | | | | | |
| | | | | | 31.0 R 4.5 U 7.0 P 4.0 O 46.5 | 5.0 R 2.5 U 1.0 P - 8.5 | 6.5 R 0.5 U 1.5 P - 8.5 | 6.5 R 0.5 U 1.5 P - 8.5 | 6.5 R 0.5 U 1.5 P - 8.5 | 6.5 R 0.5 U 1.5 P - 8.5 | - - - 4.0 O 4.0 | - - - - 0.0 |

# Steward Complaint Log
## IAMAW District 837

Grievant's Name: Kevin Scott   Clock Number: 100747   Classification: Bonding Mech

Department: 10878   Shift: 3   Building: 2   Dept. Phone: _____   Local Lodge: 387

Address: 1471 Stoneburg City: St. Louis   State: Mo   Zip: 63033

Home Phone: N/A   Rate of Pay: N/A   Seniority Date: 7-24-17

Shop Steward: _____   Department Phone: _____   Cell Number 314-709-5146

Violation: Retaliation   Article: 11   Section: 2

Date of Occurrence: 10-9-22   Date Steward Notified: 10-10-22   Date Filed: 10-10-22

### Complaint

I writing this in response of feeling like I'm being retaliated against, because of my previous filings against the company when it comes to overtime. My previous HR complaint on 1/2-2 (Overtime) along with other HR Complaints, shows a consistant pattern of retaliatory practices here at GKN. I was not allowed to work on GKN (10/8/22)? but yet another person from a different shift was allowed to work on my shift. The same person was allowed to work on 58 as well,

### Foreman's Decision

(10/8/22)

Foreman's Name: Karl Glow Isom Dept Phone Number: 314 503 5572   Pager Number: _____   Date: 10/12/22

This was not retaliation, it was a scheduling error/mis communication with Lead employee. Employee started early and worked 1 hour on 3 shift when employee of that shift were not asked to work.

Settlement? This will be managed more closely moving forward to not happen again

### Stewards Remarks

Ex E

## Scott, Kevin

| | |
|---|---|
| **From:** | Bach, Steven |
| **Sent:** | Monday, November 28, 2022 1:27 AM |
| **To:** | Scott, Kevin |
| **Subject:** | FW: Your scan (Scan to My Email) |
| **Attachments:** | scan_bachr_2022-11-17-17-48-41.pdf |

**From:** Bach, Richard <Richard.Bach@gknads.com>
**Sent:** Thursday, November 17, 2022 5:58 PM
**To:** Bach, Steven <Steven.Bach@gknads.com>; Blanke, Joe <Joe.Blanke@gknads.com>
**Cc:** calbin@iam837.org; tboelling@iam837.org
**Subject:** FW: Your scan (Scan to My Email)

After reviewing Mr. Scott's complaint and not finding any contract violation, I've decided that the Union has no choice but to not pursue any further action. The Union agrees that there is no place for discrimination or retaliation on the Job. We do not have any language to force the Company to work the same overtime schedule on all three shifts. We cannot force them to ask overtime to a specific schedule. Article 25 of the CBA states," Every effort will be made to adjust any unequal distribution of overtime to sixty (60)hours between the maximum and minimum hours of overtime within the *shift, department* and *job classification* which may have occurred I any calendar quarter during the next succeeding calendar quarter." Your Overtime Summary is in tolerance. It is very unpopular, but the Company has the right to manage and in some cases mismanage Reading through the statement I did not see where there is an email, text message, or witness statement collaborating the Company's intent to punish Mr. Scott.
Article 10 of the CBA states The Steward and Team Leader will discuss the issue. (which happened) Then it states Shop Steward will fill out a Steward Complaint Log. (not employee).
I have attached copies of the paperwork I used to make my decision. If Mr. Scott has questions have him contact me @ 314-234-3499 or my cell 573-631-3563.

**From:** Bach, Richard <Richard.Bach@gknads.com>
**Sent:** Thursday, November 17, 2022 5:49 PM
**To:** Bach, Richard <Richard.Bach@gknads.com>
**Subject:** Your scan (Scan to My Email)

Ex F (1of3)

RE: Inquiry # 1-3235374431 - CHG, CHG

From: dgecpS14@nlrb.gov (nlrb@public.govdelivery.com)

To:    kevinscott1977@yahoo.com

Date:  Tuesday, November 22, 2022 at 03:17 PM CST

Confirmation Number: **1069152302**

You have successfully accomplished the steps for E-Filing a *Charge - CB* with NLRB 14. This email notes the official date and time of the receipt of your submission. Please save this email for future reference. Please note that this receipt is not confirmation that your case has been docketed; rather, this receipt solely constitutes the regional office's acknowledgment of receipt of your document(s).

Until your case is docketed and is assigned an NLRB Case Number by the Region, please use **Inquiry No. 1-3235374431** to E-file any documents you wish to present regarding your charge. Click the link below to E-File additional documents and/or to view your previous E-filings with the NLRB. Your account profile is saved in our system. When you use this link to E-File documents your contact information will be pre-populated.

Your account profile is saved in the NLRB My Account Portal. Click here to view your account information, the cases and inquiries you are a party to and any of your previous E-Filings with the NLRB. You will also be able to E-File documents you wish to present regarding this charge or any other case or inquiry you are a party to. You will use Account No. **1-2934673519** and the email address you used to file your inquiry to access your account. When you use this link to E-File documents your contact information will be pre-populated on the E-Filing page, so that you do not have to reenter your information.

| | |
|---|---|
| Date Submitted: | Tuesday, November 22, 2022 3:12 PM Central Standard Time |
| Dispute Location: | Hazelwood, MO |
| Regional, Sub-Regional Or Resident Office: | 14 |
| Charge Type: | CB |
| Inquiry Number: | 1-3235374431 |
| Filing Party: | Charge |
| Name: | Scott, Kevin G |
| Email: | kevinscott1977@yahoo.com |
| Address: | 27 Ranchview Dr. St. Louis, MO 63033 |
| Telephone: | |
| Fax: | |
| Attachments: | CHG : CHG.1-3235374431.labor 2022.pdf CHG : CHG.1-3235374431.nlrb case.pdf |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
DO NOT REPLY TO THIS MESSAGE. THIS IS A POST-ONLY NOTIFICATION.
MESSAGES SENT DIRECTLY TO THE EMAIL ADDRESS LISTED ABOVE WILL NOT BE READ.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RE: Inquiry # 1-3235185351 - CHG, CHG          Ex F (2of3)

From:  dgecpS14@nlrb.gov (nlrb@public.govdelivery.com)

To:  kevinscott1977@yahoo.com

Date:  Tuesday, November 22, 2022 at 12:57 PM CST

Confirmation Number: **1069148766**

You have successfully accomplished the steps for E-Filing a *Charge - CA* with NLRB 14. This email notes the official date and time of the receipt of your submission. Please save this email for future reference. Please note that this receipt is not confirmation that your case has been docketed; rather, this receipt solely constitutes the regional office's acknowledgment of receipt of your document(s).

Until your case is docketed and is assigned an NLRB Case Number by the Region, please use **Inquiry No. 1-3235185351** to E-file any documents you wish to present regarding your charge. Click the link below to E-File additional documents and/or to view your previous E-filings with the NLRB. Your account profile is saved in our system. When you use this link to E-File documents your contact information will be pre-populated.

Your account profile is saved in the NLRB My Account Portal. Click here to view your account information, the cases and inquiries you are a party to and any of your previous E-Filings with the NLRB. You will also be able to E-File documents you wish to present regarding this charge or any other case or inquiry you are a party to. You will use Account No. **1-2934673519** and the email address you used to file your inquiry to access your account. When you use this link to E-File documents your contact information will be pre-populated on the E-Filing page, so that you do not have to reenter your information.

| | |
|---|---|
| Date Submitted: | Tuesday, November 22, 2022 12:50 PM Central Standard Time |
| Dispute Location: | Hazelwood, MO |
| Regional, Sub-Regional Or Resident Office: | 14 |
| Charge Type: | CA |
| Inquiry Number: | 1-3235185351 |
| Filing Party: | Charge |
| Name: | Scott, Kevin G |
| Email: | kevinscott1977@yahoo.com |
| Address: | 27 Ranchview Dr.<br>St. Louis, MO 63033 |
| Telephone: | |
| Fax: | |
| Attachments: | CHG : CHG.1-3235185351.gkn.pdf<br>CHG : CHG.1-3235185351.nlrb case.pdf |

*******************************************************************************
DO NOT REPLY TO THIS MESSAGE. THIS IS A POST-ONLY NOTIFICATION.
MESSAGES SENT DIRECTLY TO THE EMAIL ADDRESS LISTED ABOVE WILL NOT BE READ.
*******************************************************************************

RE: kevin scott documents                                 Ex F (3 of 3)

From:  Holderman, John K. (john.holderman@nlrb.gov)

To:    kevinscott1977@yahoo.com

Date:  Monday, November 28, 2022 at 07:57 AM CST

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National
Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch
agencies that designate or handle information that meets the standards for CUI.

Kevin-

I am not sure what either of these documents are.  If you are attempting to file a new charge you must do so by
either faxing them to our office or e-filing.  You can not email them to an Agent.  Further, you have "see attachment"
for the body of the charge, but there is no attachment.

Kelly Holderman

**From:** Kevin Scott <kevinscott1977@yahoo.com>
**Sent:** Wednesday, November 23, 2022 3:55 PM
**To:** Holderman, John K. <John.Holderman@nlrb.gov>
**Subject:** kevin scott documents

**CAUTION:** The sender of this message is external to the NLRB network. Please use care
when clicking on links and responding with sensitive information. Forward suspicious emails
to nlrbirc@nlrb.gov.

**Section 9**

Days of sick leave, as defined in Section 1 of this Article, shall not be considered as absenteeism for purposes of disciplinary action or adjusting vacation or sick leave anniversary dates.

## ARTICLE 25 – OVERTIME

It is the desire of the Company to distribute overtime as equally as practicable in light of the work to be performed by shift, department, and classification. Both the Union and the Company recognize that the individuals who perform the work must be qualified for and familiar with the specific work. Every effort will be made to adjust any unequal distribution of overtime to sixty (60) hours between the maximum and minimum hours of overtime within the shift, department, and job classification which may have occurred in any calendar quarter during the next succeeding calendar quarter. The Supervisors and Stewards shall review the overtime records on a monthly basis to see that the above policy is being followed. The Company will strive to meet its overtime requirements on a voluntary basis when practical. In reviewing the distribution of overtime:

A. All hours worked or refused involving overtime shall be charged. Except as provided elsewhere in these guidelines.

B. All time to be charged to the nearest 1/10 of an hour.

C. A probationary employee may not work overtime unless his entire department on his/her shift has been offered overtime to work that day.

D. Refusal of overtime during a funeral leave, on the day(s) of vacation, jury duty or short- term military reserve training shall not be charged.

E. When an employee is transferred into another department or to another shift, he will be charged with the average number of hours worked by their classification of workers of the new

51

**National Labor Relations Act**

## SEC 8 (A)

**(4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this Act [subchapter];**

**1M WRITING THIS CHARGE OF UNFAIR LABOR PRACTICE, BECAUSE**

**OF GKN RETAILITORY AND DISCRIMINTORY PRACTICES AGAINST**

**ME, BECAUSE I HAVE FILED A LABOR BOARD CHARGE AGAINST**

**THEM IN THE PAST. (case 14-CA-276983 & 140-276984) BECAUSE I FEEL GKN HAS RETALIATED AGAINST ME IN 2 WAYS. THE FIRST IS WHEN IT COMES TO OVERTIME. WITHIN OUR CONTRACT IN (FACT 1) ARTICLE 25, IT SPEAKS OF HOW THE COMPANY WILL ATTEMPT**

**TO DISTRIBUTE OVERTIME AS EQUALLY AS PRACTICLE TO STAY**

**WITHIN TH E 60 HRS BETWEEN THE MIN AND MAX OF OVERTIME WITH THE SHIFT. SO EACH SUPERVISOR HAS WHAT YOU CALLED THE OVERTIME SUMMARY THAT'S POSTED EVERY WEEK TO SHOW TRANSPARENCY AS FAR AS THE DISTRIBUTION OF OVERTIME IS CONCERNED SAT IN TIME AND A HALF SO THAT'S 12HRS AND SUN IS DOUBLE TIME SO THAT'S 16HRS COUNTED. (FACT 2) THE OVERTIME SUMAMRY FOR THE WEEK ENDING 11/13/22 SUPERVISOR KARL (3RD SHIFT SUPERVISOR MY SUPERVISOR), ADDED SUNDAY (WHICH IS DOUBLE TIME) FOR STEPHEN,**

**DYESHEKA, AND ALSO ADDED MATTHEW FOR THE WEEKEND AND**

**DID NOT ANNOTATE THIS ON THE OVERTIME SUMMARY. THIS SHOWS AN INTENTIONAL DECEPTION ON HIS PART, THUS INVALIDATING THE COMPANY POSITION TO DISTRIBUTE THE**

Ex H (2)

OVERTIME EQUALLY. NOW NOTICE ON THE FOLLOWING WEEKENDING 11/13/22 IT SHOWS THE SAME 3 PLUS MEANING SAT 12 AND SUN16), BUT HE PURPOSELY AVOIDED SHOWING IT ON THE 0T SUMMARY SHEETS. IF THERE'S NO TRANSPARENCY TO FOLLOW THE OVERTIME HRS, THEN THERE'S NO VALIDITY TO ARTILCLE 25, THUS MAKING IT NULL AND VOID, WHICH IS A VIOLATION IN THE CONTRACT. (FACT 3) NOW NOTICE ON FIRST SHIFT REBECCA OVERTIME SUMMARY, SHE HAS DONE IT THE PROPER WAY, BY HAVING R AND A. REJECT THE OVERTIME AND THE HR AMOUNT. ACCEPT THE OVERTIME AND THE HR AMOUNT. ONCE AGAIN THIS SHOWS TRANSPARENCY WHICH GOES BACK TO (ARTICLE 25 SEC H). THIS SHOWS HOW FIRST SHIFT WITHIN THE SAME DEPARTMENT WITH MORE PEOPLE HAS

BEEN OFFERED THE MIN OF SAT EVERY WEEK, FOR ALL OF HER

PEOPLE, WHILE MY SHIFT (3RD WITH SUPERVISOR KARL) ONLY OFFER ME EVERY OTHER WEEK AND SAT, ONLY. THIS HAS ADVERSELY IMPACTED ME. I HAVE HAD PREVIOUS COMPLAINTS WITH THE COMPANY AGAINST THIS SAME ISSUE. (FACT 4) NOW NOTICE HOW KARL, THE SAME SUPERVISOR DURING THE SAME WEEK OFFERED ANOTHER DEPARTMENT BOTH DAYS AND ALL OF THE PERSONNEL THAT'S IN THE DEPARTMENT A CHANCE TO WORK BOTH DAYS AS WELL, BUT WHEN IT COMES TO MY DEPARTMENT IT BECOME GAMES THAT'S PLAYED.

(FACT 5) I WROTE AN HR COMPLAINT ABOUT THE SAME ISSUE IN

WHICH AT THAT TIME I WAS SENT HOME SAT AND SUN DIDN'T WORK, BUT YET I WAS STILL CHARGE THE ENTIRE WEEKEND, TO INCREASE MY OT HOURS. THIS ALSO SHOW MY POSITION IN WHICH I INVOLVED THE UNION IN THIS MATTER TO NO

RESOLVED????? ALOS NOTICE HOW LABOR RELATIONS KELLY EXPLAIN THAT FOR SAT 8*1.5= 12 AND ALSO SUN 8*2 =16 HRS

Ex H (3)

**FOR SUN THAT'S HOW THE OVERTIME SHEET WORKS. (FACT 6) I FILED (10-10-22) A STEWARD**

COMPLAINT FOR RETALIATION, CONCERNING THE OVERTIME IN WHICH SOMEONE ELSE FROM A DIFFERENT SHIFT WAS ALLOWED TO WORK, ON SUN BUT YET WE WAS DENIED. I DIDN'T HEAR ANYTHING BACK FROM THE UNION.  ALSO NOTICE HOW THE SUPERVISOR KARL WROTE IN THE COMMENTS HOW IT WAS AN ERROR AND IT WOULDN'T HAPPEN AGAIN, BUT YER IT CONTINUE TO HAPPEN TIME AND TIME AGAIN. (FACT 7) (10/18/22) I FILED ANOTHER STEWARD COMPLAINT CONCERNING HOW KARL HAS BEEN TREATING ME, AND ALLOWING A HOSTILE WORK ENVIRONMNET. STILL DIDN'T HEAR ANYTHING BACK FROM THE

UNION. (FACT 8) I FILED ANOTHER STEWARD COMPLAINT, CONCERNING THE RETAILIATION/DISCRIMINATION CONCERNING THE MANIPIULATION OF THE OVERTIME SUMMARY. 1M STILL

WATING, TO HEAR ANYTHING BACK SO THAT'S WHEN I DECIDED TO FILE THIS NRLB COMPLAINT, BECAUSE OF THE LACK OF FAITH

THAT I HAVE IN BOTH THE COMPANY AND THE UNION. THE SECOND IN WHEN IT COMES TO PROMOTIONS MY <u>OV STAMP</u> .(FACT 9).

SO 1 ENDED UP FILING A CHARGE OF DISCRIMINATION AGAINST MY

COMPANY. 1 HAD BROUGHT UP SO 1 ENDED FILING AN ADVERSE IMPACT DISCRIMINATION GRIEVANCE G21-009 AGAINST MY COMPANY GKN ON

THEIR PROMOTION AND TRAINING POLICIES WHEN IT COMES TO MINORITIES AT GKN (FACT 10) 1 SHOWED A SUBSTANTIALLY DIFFERENT SELECTION RATE OF PROMOTION THROUGH THE SENORITY LIST IN WHICH

THERE WAS 46 WHITE LEADS AND ONLY 5 BLACK LEADS) THAT WAS

Ex H(4)

DISPROPOTIONAL TO THE TOTAL POPULATION BLACKS THERE, THE 4/5

RULE. THE COMPANY DISAGREED WITH MY POSITION, THE UNION CHOOSE

TO CONCUR WITH THE COMPANY POSITION. DURING THAT GRIEVANCE PROCESS 1 PRESENTED THE COMPANY ALONG WITH THE UNION OVER 40 PAGES OF DISPOSITION AND EXIBITS TO PROVE MY CASE TO NO AVAIL.

SO 1 EVENTUALLY FILED AN EEOC CHARGE 560-2021-02539 (FACT 11) AND

WE ENDED UP COMING UP WITH A SETTLEMENT CONCERNING THE MATTER

THROUGH THE MEDIATION PROCESS. THAT'S WHEN 1 REALIZED THAT

THERE WAS ENOUGH EVIDENCE TO AT LEAST BE LOOK AT TO BE INVESTIGATED BY THE EEOC, BUT THE UNION TOLD ME THERE WASN'T

ENOUGH EVIDENCE FOR THEM TO TAKE THE MATTER TO ARBITRATION.

THAT'S WHEN 1 REALIZED THAT THE UNION ACTION WAS IN RETAILIATION

ME, BECAUSE OF THE EARLIER NATIONAL LABOR BOARD CHARGE 1 FILED

AGAINST THEM. (EARLIER IN THE YEAR THE UNION TOOK A CASE IN

WHICH A WHITE EMPLOYEE ALLEGEDLY MADE RACIST COMMENTS ON HIS

SOCIAL MEDIA POST AND THE UNION DECIDED TO TAKE HIS TO ARBITRATION IN WHICH HE WAS ABLE TO GET HIS JOB BACK. SO WHEN I

CHOOSE TO STAND UP AND FIGHT THE COMPANY AGAINST ADVERSE IMPACT DISCRIMINATION, WHEN IT COMES TO PROMOTING AFRICAN

AMERICANS, THE UNION CHOOSE NOT TO SEND MY CASE TO

Ex H (5)

ARBITRATION!!!!! THE ADVERSE EMPLOYMENT ACTION OF THE LEAD

PERSON STATUS AT GKN DID NOT CHANGE FOR BLACKS (MYSELF INCLUDED) EVEN THOUGH THE UNION COULD HAVE CHALLENGE IT. I

BELIEVE THEY DID THAT IN RETALIATION TO ME, OF MY EARLIER LABOR

BOARD COMPLAINT IN WHICH 1 BROUGHT UP THE INCONSISTENCY OF THE

PROMOTION SYSTEM AS IT CORRELATES TO THEIR DISCIPLINE POLICIES

THEY HAVE HERE AT GKN. THAT'S WHY THEY CHOOSE NOT TO PURSUE

THIS CASE FUTHER. SO BEFORE THE MEDIATION AND WHILE 1 WAS

CHARGING THE COMPANY WITH DISCRIMINATION CONCERNING

PROMOTION AND TRAINING THIS IS THE LIST OF THE TRACT 1 OV STAMP

HOLDERS (FACT 12). NOW NOTICE THE DATE AT THE BOTTOM OF THE

SHEET. NOW HERE COMES THE RETAILIATION SO AFTER MY SETTLEMENT

WITH THE COMPANY IN MARCH OF 2022, THEY ENDED UP GIVING

TRIP MILLER IN MY SAME DEPARTMENT, IN WHICH 1 HAVE BEEN

IN MY DEPARTMENT YEARS BEFORE HE GOT THERE, I HAVE MORE SENORITY

THAN HIM AND AS YOU CAN TELL FROM THE RECORDS 1 HAVE BEEN

FIGHTING FOR MY STAMP FOR YEARS, SO THE COMPANY ENDED UP GIVING

HIM THE STAMP. THIS IS IN RETAILIATION OF MY PREVIOUS FILIINGS

AGAINST THE COMPANY (FACT 13). AN EEOC CHARGE AND WE ENDED UP

Ex H (6)

COMING UP WITH A SETTLEMENT CONCERNING THE MATTER THROUGH

THE MEDIATION PROCESS. THAT'S WHEN 1 REALIZED THAT THERE WAS ENOUGH EVIDENCE TO AT LEAST BE LOOK AT TO BE INVESTIGATED BY

THE EEOC (FACT 11), BUT THE UNION TOLD ME THERE WASN'T ENOUGH

EVIDENCE FOR THEM TO TAKE THE MATTER TO ARBITRATION. THAT'S

WHEN 1 REALIZED THAT THE UNION ACTION WAS IN RETALIATION ME,

BECAUSE OF A NATIONAL LABOR BOARD CHARGE 1 FILED AGAINST THEM

EARLIER (FACT 14). BECAUSE NOTHING DIDN'T HAPPEN WITH MY EARLIER

COMPLAINTS, IN AS YOU CAN TELL 1 DIDN'T HEAR ANYTHING BACK FROM

MY UNION NOR THE COMPANY IN WHICH THEY HAD A DEAD LINE TO ACT (FACT 15). 1 HAVE LOST ALL FAITH IN MY UNION AND 1M CHARGING THEM AS WELL AS GKN WITH RETALIATION.

The EEO anti-retaliation provisions also make it unlawful to retaliate against an individual for opposing any practice made unlawful under the employment discrimination statutes

Ex H (7)

IM WRITING THIS GRIEVANCE, BECAUSE I FEEL LIKE KARL IS CONTINUING TO RETALIATE AGAINST ME.

THE AGFM 1 MACHINE STARTED BACK IN PRODUCTION AFTER MONTHS OF BEING DOWN, SO I WAS RUNNING IT AT THE 50% THE RATE WE WAS RUNNING AT BEFORE THE MACHINE BROKE DOWN. SO KARL CAME OVER AND TOLD ME TO SPEED IT UP TO 75%. I TOLD HIM I NEEDED TO SPEAK WITH MY SHOP STEWARD, BECAUSE I NEED A WITNESS OF HIM TELLING ME TO TURN THE MACHINE UP,EVEN THOUGH IT JUST CAME BACK INTO PRODUCTION AFTER MONTHS OF BEING OUT OF COMMISSION. AND THAT'S WHEN HE TOLD ME TO GET OFF OF THE MACHINE AND GO TO WORK AT THE AGFM2. SO HE BROUGHT ANOTHER PERSON TO WORK AT THE MACHINE I WAS WORKING AT. HIS CONSTANT HARASSMENT AND RETALIATORY ACTIONS AGAINST ME IS BECAUSE OF MY PREVIOUS FILLINGS I HAD AGAINST HIM AND ITS ALL ON RECORD.


KEVIN SCOTT

600747

10/18/22

IM WRITING THIS GRIEVANCE BECAUSE I FEEL THE
COMPANY HAS VIOLATED MY RIGHTS UNDER ARTICLE 11
SEC 2 (DISCRIMINATION), AND THAT'S RETAILITAION.   I
FEEL LIKE I WAS RETAILIATED AGAINST, BECAUSE OF MY
PREVIOUS FILINGS AGAINST THE COMPANY, AND THAT'S
CONCERNING OVERTIME.  I HAVE HAD PREVIOUS FILLINGS
WITH THIS SAME ISSUE AND KARL HAS CONTINUED TO
DENY ME SUNDAYS, AND YET EVERYONE ONE MY SHIFT
HAS BEEN SCHEDULED FOR SUNDAYS DURING THIS
ROTATION, AND ALSO FIRST SHIFT IS ABLE TO OFFER ALL
OF THEIR PEOPLE EVERY WEEKEND WITH MORE PEOPLE
ON SHIFT AND YET KARL HAS CONSISTENLY GIVEN ME
EVERY OTHER WEEK AND SAT ONLY!!!!!  THIS ACTION HAS
ALLOWED AN ENVIRONMENT OF THE LACK OF
TRANSPARENCY AND THE CONTINUED MANIPULATION OF
THE OVERTIME SUMMARY, THUS CAUSING THE
ENUMERATION OF VERY HOSTILE AND RETAILITORIAL
ENVIRONMENT.  The EEO anti-retaliation provisions also
make it unlawful to retaliate against an individual for
opposing any practice made unlawful under the employment
discrimination statutes.

KEVIN SCOTT

600747 11/16/2022

# Steward Complaint Log
## IAMAW District 837

Grievant's Name: Kevin Scott Clock Number: 600747   Classification: Bonding Mechon

Department: 1087 B C   Shift: 3   Building: 2   Dept. Phone: _____ Local Lodge: 837

Address: 27 Branchview Dr   City: St Louis   State: Mo   Zip: 63033

Home Phone: 314-305-0646 Rate of Pay: _____ Seniority Date: 7-7-17

Shop Steward: Steve Bench   Department Phone: _____   Pager Number: _____

Violation: Discrimination Article: 11   Section: 7

Date of Occurrence: 11-17-22   Date Steward Notified: 11-17-22   Date Filed: 11-17-22

### Complaint

See attached copy

Right to manage does not apply if its because of Discrimination or Retailiation Reasons.

### Foreman's Decision

Foreman's Name: _____   Dept. Phone Number: _____ Pager Number: _____ Date: _____

### Stewards Remarks

SEE ATTACHED COPY